In the Matter of the Claim of CHARLES A. WHITE, as Administrator, etc., of LEO FOLARON, Deceased, on Behalf of LEONARD FOLARON and ALFRED FOLARON, Minor Children of LEO FOLARON, Deceased Employee, and VICTORIA FOLARON, Alleged Dependent Mother, Respondents, against LEHIGH VALLEY RAILROAD COMPANY, Employer and Self-Insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1937.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* and *John G. Alexander* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Roy Wiedersum, Assistant Attorneys-General,* of counsel], for the State Industrial Board.

HILL, P. J. Appeal by the Lehigh Valley Railroad Company from an award of death benefits. The employee, while repairing a locomotive on June 20, 1935, received injuries which caused his death. The locomotive, each day from three P. M. to seven A. M., was used in the East Buffalo yards of employer to move and place inter- and intra-State cars. On the day of the accident it was taken to the roundhouse about seven-fifteen in the morning. The fire was extinguished and the water drained, repairs were made to the tank, air pump and to certain rods and bolts, and leaky flues in the boiler were calked. It returned to its work as a yard engine at three o'clock the same afternoon. Decedent, at

the time of his injury, was not employed in interstate commerce within the purview of the Federal Employers' Liability Act (U. S. Code, tit. 45, §§ 51–59). (*Leslie* v. *Long Island Railroad Co.*, 222 App. Div. 702; affd., 248 N. Y. 511; *Zmuda* v. *Delaware, L. & W. R. R. Co.*, 243 App. Div. 827; affd., 268 N. Y. 659.)

*National Labor Relations Board* v. *Jones & Laughlin S. Corp.* (301 U. S. 1) is cited by appellant to sustain the argument that the scope of all Federal statutes involving interstate commerce has been broadened and extended by the Supreme Court. That decision did not deal with the question of employment so closely related to the flow of interstate commerce as to be a part thereof. The court had under consideration a statute which enacted in substance that controversies between the employees and employers engaged in producing merchantable articles which ordinarily would become the subject of interstate commerce were burdens and obstructions to the free flow of commerce and that Congress was empowered to legislate concerning and provide instrumentalities for the adjustment thereof. It was decided that under the facts presented the burden on interstate commerce was not too remote to permit Federal control. The Federal Employers' Liability Act provides the remedy to which an employee may have recourse when injured while engaged in interstate commerce, and the earlier decisions as to the acts which are so closely related to the flow of interstate commerce as to be a part thereof have lost none of their force.

The award should be affirmed, with costs to the State Industrial Board.

McNamee, Bliss and Heffernan, JJ., concur.

Rhodes, J. I concur in the opinion of Presiding Justice Hill except as to the statement that " the earlier decisions as to the acts which are so closely related to the flow of interstate commerce as to be a part thereof have lost none of their force." I think this statement is correct as to the facts here presented, but should not be accepted as of general application, without qualification.

Award affirmed, with costs to the State Industrial Board.